UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John M. Smith,<br><br>   Plaintiff,<br><br>   v.<br><br>D.O.N., *et al.*,<br><br>   Defendants. | Case No. 2:24-cv-00484-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 4. Plaintiff's IFP is complete and is granted below.

**I.   Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies

the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based

2

on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Plaintiff's Complaint

Plaintiff raises two issues in his Complaint. These include a failure to ensure he receives medication as required and the failure to ensure his safety. More specifically, Plaintiff explains he is 70 years old and suffers from serious high blood pressure (among other unidentified ailments) that causes severe dizziness. Plaintiff says that despite being prescribed blood pressure medication, his medication is allowed to run out for months at a time. Plaintiff further says that because he suffers from severe dizziness, sleeping on the top bunk of the bed in his cell is unsafe. Plaintiff states he could fall and hit is head on a metal desk or concrete floor. Plaintiff names Dr. Avram (Medical Director), the Director of Nursing (name not provided), Warden Bean, and James Dzurenda (Director of Operations) as Defendants. Plaintiff brings his claims under the Eighth and Fourteenth Amendments alleging cruel and unusual punishment based on the failure to provide "proper" medical care and indifference to serious medical needs.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).[1] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both

---

[1] The Eighth Amendment protection against cruel and unusual punishment applies to inmates who have been tried and convicted. *Ingraham v. Wright*, 430 U.S. 651, 669-70 (1977). The Fourteenth Amendment is applicable to pretrial detainees. Plaintiff is post-conviction. Thus, the Court analyzes Plaintiff's claims under the Eighth not Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).  Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

To satisfy the deliberate indifference prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Jett*, 439 F.3d at 1096.  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show the delay led to further harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").  Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. What is reasonable depends on the circumstances, including the defendant's authority, capabilities, and resources.  *Peralta*, 744 F.3d at 1084-85.

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Thus, a supervisor may be found liable for his own harmful deliberate indifference but may not be found liable merely because of his subordinate's harmful deliberate indifference.  *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

Plaintiff satisfies the first prong of a deliberate indifference claim by alleging a serious health condition—high blood pressure—together with his age, symptoms, and alleged lengthy periods when his daily medication is unavailable because the prescription is not refilled.  However,

Plaintiff's pleading fails to allege sufficient facts to establish the second prong of an Eighth Amendment violation.  That is, Plaintiff alleges no facts supporting the inference that the delayed medication led to further harm.  *Shapley*, 766 F.2d at 407.  Plaintiff identifies potential future harm—falling from a top bunk that could result in serious injury—but this future possibility is insufficient to establish the second prong of an Eighth Amendment claim.  *Babcock v. White*, 102 F.3d 267, 272–73 (7th Cir. 1996); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Further, while Plaintiff states the Medical Director and Director of Nursing are responsible for the health care of inmates, Plaintiff alleges no facts showing personal participation by either of these Defendants in Plaintiff's medical care.  *Taylor*, 880 F.2d at 1045.  The Court found no facts alleging any wrongful conduct by Warden Bean.  With respect to the Director of Operations (Dzurenda), Plaintiff says only that he is responsible for ensuring "all operations of the prison" run properly.  Without any allegation that these Defendants personally participated in the failure to fulfill prescriptions or otherwise failed to ensure Plaintiff received his medication as prescribed, Plaintiff fails to state a claim under the Eighth Amendment.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may, if he chooses, file an amended complaint.  The amended complaint must be filed no later than **May 15, 2024** and must address the deficiencies in Plaintiff's pleading explained above.  The amended complaint **must** be complete in and of itself.  That means Plaintiff must include all facts, identify all defendants, and all claims he wishes to raise in the amended complaint.  The Court cannot review or rely on facts alleged in Plaintiff's original Complaint when screening the amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the instructions for filing a civil rights complaint together with the form complaint for Plaintiff's use.

IT IS FURTHER ORDERED that if Plaintiff fails to file an amended complaint on or before **May 15, 2024**, the Court will recommend this matter be dismissed in its entirety without prejudice.

DATED this 5th day of April, 2024.

							_____
							ELAYNA J. YOUCHAH
							UNITED STATES MAGISTRATE JUDGE